IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-366 |
| DARYL F. HELLER | : | |

**O R D E R**

AND NOW, this __30th__ day of __September__, 2025, upon consideration of the Government's Unopposed Motion to Have the Case Declared Complex and to Continue Trial, it is hereby

O R D E R E D

that the motion is GRANTED. The Court determines that the case is sufficiently complex due to the nature of the prosecution and the volume of discovery materials, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and the Court makes the following findings:

    1.    On August 21, 2025, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging defendant Daryl F. Heller with one count of securities fraud in violation of 15 U.S.C. § 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, and four counts of wire fraud, in violation of 18 U.S.C. § 1343. The charges stem from an alleged investment fraud scheme spanning in or around January 2017 through December 2024.

    2.    The indictment was unsealed on September 3, 2025.

      3.      On September 4, 2025, Daryl F. Heller was arraigned and pled not guilty to the charges against him.

      4.      Pursuant to the Speedy Trial Act, when a defendant pleads not guilty, the trial shall commence within 70 days of the date on which the indictment is unsealed or the defendant appears before a judicial officer, whichever date occurs last. 18 U.S.C. § 3161(c)(1).

      5.      Trial in this case is currently scheduled to begin on November 10, 2025.

      6.      The discovery in this case is voluminous and consists of at least approximately 5.6 million of pages of documents obtained via search warrants, subpoenas, and other means. The discovery includes corporate records, emails, text messages, and bank and other financial records. In addition, the government intends to make available in discovery a partial image of a server of Paramount Management Group and complete images of several electronic devices seized pursuant to search warrants. The government is preparing to produce discovery to defense counsel and anticipates that the process of review will be lengthy.

      7.      A Speedy Trial Act continuance is necessary to allow the defendant to review the discovery, make any necessary motions, and to permit the parties adequate preparation for any possible further pretrial proceedings and the trial.

      8.      Counsel for the government has conferred with counsel for the defendant prior to filing this motion. Defense counsel does not oppose the government's request to have the case declared complex and to continue the November 10, 2025 trial date.

      9.      For these reasons, good cause having been shown, it is the finding of this Court that the within case is so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself to take place within the time limits established by Title 18, United States Code § 3161.

WHEREFORE, IT IS hereby ORDERED that the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act, and by treating this matter as a complex case, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(ii), and therefore: 1) the captioned case is continued beyond the time limits established by the Speedy Trial Act to **Monday, April 13, 2026, at 9:30 a.m.**; and 2) the delay resulting from this continuance, running from the date of this Order to the next trial date, shall be excluded from speedy trial calculations because the ends of justice served by such continuance outweigh the best interests of the public and the defendant in a speedy trial.

BY THE COURT:

/s/ Catherine Henry
HONORABLE CATHERINE HENRY
United States District Judge