## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-366 |
| DARYL F. HELLER | : | |

### GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Count One of the indictment charging him with one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, and not to contest forfeiture, except as set forth in paragraph 8(b), as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all arising from the defendant's scheme to defraud investors in the Prestige and WF Velocity ATM Funds through materially false representations in connection with the purchase and sales of investments in these funds, in order to obtain millions of dollars from the investors. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum sentences apply in this case: For Count One, charging securities fraud, a term of imprisonment of 20 years, a term of supervised release of 3 years, a

fine of $5,000,000, and a special assessment of $100. The total permissible statutory maximum sentence is a term of imprisonment of 20 years, a term of supervised release of 3 years, a fine of $5,000,000, and a special assessment of $100. Full restitution in an amount to be determined by the Court, but as much as $402,370,927, also shall be ordered. Forfeiture of all proceeds from the offenses, in an amount to be determined by the Court, also may be ordered. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

3.    At the time of sentencing, the government:

a.    Will move to dismiss Counts Two through Five of the indictment as to this defendant. The defendant waives the statute of limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

b.    May make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

c.    May comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court

regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

d.     Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

4.     In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

a.     The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

b.     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

c.     Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

d.     The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or

defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e.      The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.      If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1. The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

5.      The defendant agrees to pay a fine as ordered by the Court and full restitution in an amount to be determined by the Court but as much as $402,370,927. The defendant agrees that restitution shall include losses caused by the defendant's relevant conduct in this case, as defined under USSG § 1B1.3. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by

which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

6.      The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a variance from the applicable Sentencing Guideline range.

7.      The defendant agrees to pay the special victims/witness assessment in the amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

8.      The parties agree to the following with respect to the forfeiture of assets:

a.      The defendant agrees to forfeit his right, title, and interest in the proceeds that he obtained from the offense of securities fraud charged in Count One of the indictment in this case, in an amount to be determined by the Court, and agrees to the entry of a money judgment against him in this amount.

b.      The defendant does not agree that, due to the defendant's acts or omissions, these proceeds are not currently available to the government for forfeiture, that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met, and that the government is entitled to the forfeiture of substitute assets. The defendant agrees that the government may introduce evidence at the time of sentencing, or in support of a motion for a preliminary order of forfeiture, to establish that the conditions of 21 U.S.C. § 853(p) (1)(A)-(E) have been met, and therefore the government is entitled to the forfeiture of substitute assets.

c.      The defendant agrees to the entry of a preliminary order of forfeiture, in an amount to be determined by the Court, pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing. Pursuant to Rule 32.2(b)(4), the

defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing. The defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

d.      The defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

e.      The defendant agrees to waive any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

9.      The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

10.     Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, amount of fraud loss, criminal

- 6 -

history, and adjustments; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

a.    The parties agree and stipulate that the base offense level is 7 pursuant to USSG § 2B1.1(a)(1).

b.    The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offenses, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a)

c.    The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b), if such a downward adjustment is applicable under the Sentencing Guidelines.

11.    If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this agreement, the government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this

agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

12.    If the defendant enters a guilty plea and is sentenced on Count One of the Indictment, and otherwise fully complies with all of the terms of this agreement, the government will conclude its investigation that gave rise to the indictment docketed in Criminal No 25-00366 [ECF 1].   However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges not encompassed by the indictment that are not time-barred by the applicable statute of limitations on the date this agreement is signed by defendant may be commenced, notwithstanding the expiration of the limitations period after the defendant signs the agreement, and that the government may recommence its investigation.

13.    In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any

other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

i.    that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 2 above;

ii.    challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

iii.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

14.    The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The

government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

15.    The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

16.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

17.    The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty. The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those

set forth in this written guilty plea agreement and the sealed supplement, and that no additional

promises, agreements, or understandings will be entered into unless in writing and signed by all

parties.

DAVID METCALF
United States Attorney


_____
DARYL F. HELLER
Defendant

Salvatore L. Astolfi
_____
SALVATORE L. ASTOLFI
Chief, Criminal Division
Assistant United States Attorney


_____
CHRISTOPHER J. ADAMS, ESQ.
DANIELLA GORDON, ESQ.
MARJAN MOUSSAVIAN, ESQ.
Counsel for the Defendant

_____
FRANCIS A. WEBER
J. ANDREW JENEMANN
Assistant United States Attorneys


Date:      6-22-26
_____

Attachment

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

         v.          :          CRIMINAL NO. 25-366

DARYL F. HELLER          :

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.      I understand that I do not have to plead guilty.

2.      I may plead not guilty and insist upon a trial.

3.      At that trial, I understand

      a.      that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

      b.      that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

      c.      that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

      d.      that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

      e.      that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

      f.      that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

g.    that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.    that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.    I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.    I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

6.    I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.    Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.    I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range, and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
DARYL F. HELLER
Defendant

_____
CHRISTOPHER J. ADAMS, ESQ.
DANIELLA GORDON, ESQ.
MARJAN MOUSSAVIAN, ESQ.
Counsel for the Defendant

Dated:    6-22-26
_____